IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAUL J. BUKOVINSKY, II,

      **Plaintiff,**

  vs.

      Case No. 2:22-cv-1873
      Chief Judge Algenon L. Marbley
      Magistrate Judge Elizabeth P. Deavers

MCKEEN GROUP, INC.,

      **Defendant.**

## REPORT AND RECOMMENDATION

On December 21, 2021, Plaintiff initiated this case and filed an application to proceed in forma pauperis in the United States District Court for the Northern District of Ohio. (ECF Nos. 1, 2.) On April 4, 2022, however, this action was transferred from the Northern District of Ohio to this Court. (ECF No. 11.) On April 28, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis* in this District. (ECF No. 15.) On June 3, 2022, the Court conducted an initial screen of Plaintiff's Complaint and concluded that Plaintiff may proceed with his claims. (ECF No. 16.) Accordingly, the Court advised Plaintiff that he must submit a completed summons, Marshal service form, and copy of his Complaint, within twenty-one (21) days, if he intended for the United States Marshal to serve Defendant. (*Id.*) On July 1, 2022, the Court again directed Plaintiff to submit a completed summons, Marshal service form, and copy of his Complaint if he intended for the United States Marshal to serve Defendant within fourteen (14) days. (ECF No. 17.) The Court advised Plaintiff that "failure to do so will result in a recommendation that the Court dismiss Plaintiff's claims for failure to prosecute." (*Id.*) On September 13, 2022, the Court reported that "[o]n July 19, 2022, the Clerk's Office was advised that Plaintiff had sent or delivered the service documents to the United States Marshals Service instead of the Clerk's

Office," but that "[t]hose documents have since been misplaced." (ECF No. 18.) Accordingly, the Court again directed Plaintiff to submit a completed summons, Marshal service form, and copy of his Complaint if he intends for the United States Marshal to serve Defendant within fourteen (14) days. (*Id.*) The Court again advised Plaintiff that "failure to do so will result in a recommendation that the Court dismiss Plaintiff's claims for failure to prosecute." (*Id.*) To date, Plaintiff still has not complied with the Court's July 1, 2022 or September 13, 2022 Orders. (ECF Nos. 17, 18.)

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On July 1, 2022 and September 13, 2022, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders may result in dismissal for failure to prosecute. (ECF Nos. 17, 18.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While

the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 4, 2022  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

4