IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL J. BUKOVINSKY, II, | : |
| Plaintiff, | : Case No. 2:22-cv-1873 |
| v. | : Chief Judge Algenon L. Marbley |
| MCKEEN GROUP, INC., | : Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : |

**OPINION & ORDER**

This matter is before this Court on Defendant McKeen Security, Inc.'s (dba McKeen Group, Inc.) Motion to Dismiss. (ECF No. 27). For the reasons that follow, this Motion is **DENIED**. (ECF No. 27).

**I.     BACKGROUND**

Plaintiff Paul J. Bukovinsky, II, an employee of Defendant McKeen Security, Inc., proceeding *pro se*, brings an action against his employer alleging violations of the: (1) Americans with Disabilities Act ("ADA"); (2) the Fair Labor Standards Act ("FLSA"); and (3) the Civil Rights Act of 1964. (ECF No. 1, ¶ 1). Plaintiff works as a van driver and in a security capacity for Defendant in a large commercial facility and at a university. (*Id.*, ¶ 2–56). Plaintiff alleges he was: (1) written up for violations that were not enforced against his coworkers; (2) accused of not doing his job when he stopped to speak with coworkers; (3) passed up for promotions by less experienced staff; (4) made fun of for being a non-denominational Christian priest; (5) yelled at for eating on the job, despite having diabetes; (6) the subject of sexualized comments; and (7) further abused when he told supervisors that he intended to file a complaint against Defendant with the Equal

1

Employment Opportunity Commission ("EEOC"). (*Id.*, ¶¶ 17–55). He also alleges that he was underpaid for the hours worked and had inapplicable taxes extracted from his paycheck. (*Id.*).

Plaintiff filed this action on December 21, 2021 in the Northern District of Ohio. (ECF No. 1). The matter was transferred to this Court on April 4, 2022 (ECF No. 11), and the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the matter be dismissed with prejudice for failure to prosecute (ECF No. 19). After Plaintiff filed objections on October 20, 2022, the R&R was withdrawn. (ECF No. 20; 21). After giving Plaintiff several opportunities to properly serve Defendant, McKeen Security, Inc. was served on January 23, 2023. (ECF No. 26).

Defendant McKeen Security, Inc. filed this Motion to Dismiss on February 13, 2023 raising three arguments: (1) McKeen Group, Inc. is McKeen Security, Inc.'s trade name, and McKeen Group, Inc.—a nonexistent legal entity—cannot be held liable for employment discrimination; (2) Plaintiff repeatedly failed to prosecute this case by not completing service of process; and (3) Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 27-1 at 2–3). Further, Defendant alleges that McKeen Group, Inc. is not registered to do business in Ohio, nor does it employ employees. (*Id.*). Plaintiff's response, titled a Motion to Quash, seeks to quash Defendant's Motion to Dismiss and argued that "McKeen Group, Inc." appears in multiple places on the company's website. (ECF No. 32, ¶¶ 3–5). Defendant's Reply, titled as a Response in Opposition to Plaintiff's Motion to Quash, reiterates its previous arguments and counters that it is properly registered to do business in Ohio under its official name.

This Court interprets Plaintiff's "Motion to Quash" as a Response to Defendant's Motion to Dismiss, and Defendant's Response in Opposition to Plaintiff's Motion to Quash as a Reply to Defendant's Motion to Dismiss. Because the Motion to Dismiss has been fully briefed, this matter is ripe for review.

## II. LAW & ANALYSIS

First, Defendant cannot escape liability just because Plaintiff incorrectly filed this action under Defendant's trade name, not its legally registered business name. Plaintiff's naming of "McKeen Group, Inc." is clearly a misnomer, as it is a name by which Defendant refers to itself on its website and as a trade name. (ECF Nos. 27-1 at 2; 32 at 5); *see also Hughen v. BHG Nashville #1, LLC.*, No. 3:20-cv-0236, 2020 WL 2557961, at * 7–8 (M.D. Tenn. Feb. 6, 2020) (finding that plaintiff's misnaming of defendant was clear misnomer where body of complaint properly identified the defendant and defendant was on notice from the time the claim was filed). Of utmost importance is that the putative defendant has actual notice of the lawsuit. *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F.Supp. 104, 109 (E.D.N.Y 1995). Not only does Plaintiff allege that he informed his supervisors that he intended to file an EEOC complaint, (*see* ECF No. 32, ¶ 26), but Defendant appeared in this action—demonstrating they are on notice of the lawsuit and not challenging whether Plaintiff is in fact employed with the company.

It is well established that, "a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys." *Brown v. City of Columbus*, No. 2:18-cv-521, 2018 WL 4654693, at *1 (S.D. Ohio Sep. 27, 2018) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Several courts have concluded that *pro se* complaints sufficiently pled claims against defendants that are not even named in the caption, "when there are adequate factual allegations to establish the plaintiff intended them as defendants." *Rogers v. Miller*, No. 16 Civ. 3610, 2017 WL 6542459, at *9 (E.D.N.Y Dec. 21, 2017) (collecting cases); *see also Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007) ("[I]n a pro se case when the plaintiff names the wrong defendant in the caption . . . courts may look to the body of the complaint to determine who the intended and proper defendants are."); *Lamb v. Davis*, No.

3

CV208-160, 2009 WL 982037, at *2 (S.D. Ga. April 10, 2009) (finding that a mistaken caption did not provide grounds to dismiss a case, and instead ordering the court clerk to correct the caption).

Finally, Defendant fails to demonstrate how it has been or would be prejudiced by this technical mistake. *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 348 (E.D. Mich. 2003) (finding defendant failed to demonstrate how it would be prejudiced by accidental substitution of plaintiff's trade name in the case caption for its official business name). Therefore, Plaintiff presents sufficient evidence that Defendant holds itself out as the McKeen Group.

Defendant's second argument fails as this Court is not in the business of punishing Plaintiff for past wrongs that have been rectified. The Magistrate Judge saw it appropriate to grant Plaintiff several opportunities to serve properly Defendant, due to Plaintiff's *pro se* status. Defendant was properly served on January 23, 2023. (ECF No. 26). Because Defendant fails to challenge improper service under Federal Rule of Civil Procedure 12(b)(5), this matter is no longer at issue.

As to Defendant's final argument, this Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Defendant, however, states in a conclusory fashion that Plaintiff fails to state a claim and provides no supporting legal argument or analysis. It is defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). This Court is "in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it." *Lyon v. Yellow Transportation, Inc.*, No. 2:08-cv-0464, 2009 WL 1604807, at * 15 (S.D. Ohio Jun. 8, 2009); *see also Nicholson v. Jayco, Inc.*, No. 5:15-cv-2010, 2016 WL 5463215, at *21 (N.D. Ohio Sept. 29, 2016) ("It is not the Court's obligation to conduct the required research, construct arguments, and

frame a legal analysis on any party's behalf."); *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1163 (6th Cir. 2021) (explaining "judges are not like pigs, hunting for truffles that might be buried in the record"). Defendant fails to meet its burden by presenting no argument on the merits of Plaintiff's claim.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 27) is **DENIED**. The Clerk is **DIRECTED** to correct Defendant's name in the case caption to "McKeen Security, Inc.".

**IT IS SO ORDERED**.

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

DATED: August 10, 2023